# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MELVIN R. MANNING,** *Plaintiff,* v. **HUDSON COUNTY,** *Defendant.* | Civil Action 17-3450 OPINION |

**THIS MATTER** comes before the Court on Defendant County of Hudson's ("Defendant" or "County") unopposed motion to set aside default, strike the entry of service, and dismiss Plaintiff Melvin Manning's ("Plaintiff") Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 4 and 12(b)(5). ECF No. 15. For the reasons stated herein, Defendant's motion is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

On April 18, 2017, Plaintiff filed the Complaint and an application to proceed in forma pauperis before the United States District Court for the District of Columbia. ECF Nos. 1, 2. On April 24, 2017, the District of Columbia District Court transferred the case sua sponte to this Court. ECF No. 3. On October 20, 2017, this Court granted Plaintiff's motion to proceed in forma pauperis, directed the Clerk to issue a summons, and ordered the U.S. Marshals Service ("USMS") to serve a copy of the Complaint, summons, and order upon Defendant "as directed by Plaintiff." ECF No. 8.

On November 27, 2017, the summons was marked as executed against the County based on service to "Blanca De Oliveira – sec." ECF No. 11. On December 7, 2017, Plaintiff sought

1

entry of default against Defendant. ECF No. 12. On December 8, 2017, default was entered against the County. Defendants now urge Court to set aside the entry of default, strike the entry of service, and dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5), arguing that service was never effectuated by Plaintiff because (1) Ms. Oliveira was not permitted to accept service on behalf of the County pursuant to Fed. R. Civ. P. 4 and (2) no summons was included in the papers served on Ms. Oliveira.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 55(c) permits a District Court to set aside an entry of default for good cause. The Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)). "A decision to set aside an entry of default pursuant to Fed. Civ. P. 55(c) is left primarily to the discretion of the District Court." Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz, 732 at 1180). Courts generally disfavor entry of defaults. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). Accordingly, "any doubt should be resolved in favor of the petition to set aside" default. Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976).

Fed. R. Civ. P. 12(b)(5) provides for dismissal of a claim for insufficient service of process. When assessing a motion to dismiss for insufficient service of process, "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may be

2

obtained." Id. In those cases, "the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." Id. (citations omitted).

**III. LEGAL ANALYSIS**

**A. Whether Defendant Was Properly Served?**

Defendant contends it was never properly served, arguing that Plaintiff's purported service upon Ms. De Oliviera, via the USMS, did not comply with the Federal Rules. The Court agrees.

"A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In New Jersey, public bodies may be served "by serving a copy of the summons and complaint . . . on the presiding officer or on the clerk or secretary thereof." N.J. Ct. R. R. 4:4-4(a)(8).

Here, instead of directing service upon the office of the County Clerk – the chief executive officer of Hudson County – Plaintiff directed the USMS to serve Defendant at 567 Pavonia Avenue, Jersey City, New Jersey 07306, which Defendant notes is the County Counsel's office. See ECF No. 11; Def. Br. at 5, ECF No. 15.1; Certification of Michael L. Dermody, Esq., ¶ 3, ECF No. 15.2 ("Dermody Cert."). Ms. De Oliveira, the receptionist for the County Counsel's office and the Office of the County Administrator, was served at this address. Def. Br. at 5; Dermody Cert. ¶ 3. Defendant separately contends that no copy of the summons was included in the papers served upon Ms. De Oliveira. Def. Br. at 5; Dermody Cert. ¶ 10.

Under the Federal Rules, Plaintiff was required to ensure service of the Complaint, summons, and order granting Plaintiff's in forma pauperis application upon either the "chief executive officer" of Hudson County, Fed. R. Civ. P. 4(j)(2)(A), or "the presiding officer or . . .

3

clerk or secretary thereof[,]" N.J. Ct. R. R. 4:4-4(a)(8). Plaintiff instead directed service on the County Counsel's office, and no copy of the summons was served along with the Complaint and order. Thus, the purported service upon Ms. De Oliviera did not comply with Fed. R. Civ. P. 4(j)(2), and Defendant has not been properly served in this matter.

### B. Whether the Default Entered Against Defendant Should Be Set Aside?

Defendant first asks the Court to set aside the entry of default. "[T]he standard for setting side a default is less stringent than for setting aside a default judgment." Mettle v. First Union Nat. Bank, 279 F.Supp.2d 598, 601 (D.N.J. 2003) (citing Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982)). "A default will be set aside if it was not properly entered or if the party seeking default failed to meet a requirement of the rule." Id. (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 493 (3d Cir. 1993)). Here, because there has been no proper service of the summons and Complaint, the entry of default should be set aside. See id. at 603 (citing Gold Kist, 756 F.2d at 19).

### C. Whether Plaintiff's Complaint Should Be Dismissed?

Defendants next ask the Court to strike the entry of service and to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5). The Court will not dismiss Plaintiff's Complaint, but rather will quash service and provide Plaintiff with additional time to properly serve Defendant.

District courts possess broad discretion on a Rule 12(b)(5) motion to either grant dismissal or to quash service. Umbenhauer, 969 F.2d at 30. "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." Ramada Worldwide Inc. v. Shriji Krupa, LLC, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. April 17, 2013). In such cases, courts should elect to quash service and grant plaintiff additional time to effect proper

4

service. Bright v. Tyson, No. 15-8038, 2016 WL 3219876, at *2 (D.N.J. June 6, 2016) (quoting Ramada Worldwide, 2013 WL 1903295, at *6).

Defendant cites two deficiencies with the purported service upon Ms. De Oliviera: (1) Plaintiff sent the USMS to the wrong address and must instead direct service upon the Hudson County Clerk's office; and (2) a copy of the summons must be served upon Defendant along with the Complaint and the order granting Plaintiff's in forma pauperis application. The first deficiency is easily correctable by Plaintiff, and the Court finds no evidence that Plaintiff acted in bad faith in providing the USMS with the address of the wrong Hudson County office. The second deficiency must be remedied by the USMS in any subsequent attempts at service, in light of Plaintiff's in forma pauperis status and entitlement to service via the USMS pursuant to 28 U.S.C. § 1915, but this, too, is a correctable deficiency. Accordingly, "there exists a reasonable prospect that service may yet be obtained[,]" and thus dismissal of Plaintiff's Complaint would be inappropriate. See Umbenhauer, 969 F.2d at 30. Instead, the Court will quash service, strike the entry of service from the docket, and grant Plaintiff a short extension to effect proper service. See id.

**IV.  CONCLUSION**

For the reasons stated above, Defendant's motions to set aside entry of default and strike the entry of service are **GRANTED**, and Defendant's motion to dismiss is **DENIED**. Within 30 days of the date of this Opinion, Plaintiff must provide to the USMS an address for proper service in accordance with the Federal Rules,[1] with the USMS to effect service of the Complaint and

---

[1] If Plaintiff fails to do so, Defendant may apply to this Court for a dismissal of the action pursuant to Fed. R. Civ. P. 4(m).

summons upon Defendant within a reasonable time thereafter. An appropriate Order accompanies this Opinion.

**Date: July 27, 2018**

                                         */s Madeline Cox Arleo*
                                         **Hon. Madeline Cox Arleo**
                                         **United States District Judge**