# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVIN R. MANNING, | Civil Action No. 17-3450 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| HUSDON COUNTY, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter has been opened to the Court by Defendant County of Hudson's motion to dismiss (ECF No. 28) Plaintiff's Complaint. The Complaint alleges violations of Plaintiff's civil rights arising from his pretrial incarceration for three years on criminal charges and his subsequent civil commitment following a judicial finding that he was not competent to stand trial. (*See* ECF No. 1.) Because the allegations in the Complaint fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), the Court will grant the motion to dismiss. The Court will provide Plaintiff with an opportunity to submit an Amended Complaint that cures the deficiencies in the Complaint as described in this Opinion. If Plaintiff files an Amended Complaint, Defendant shall move or otherwise respond to the Amended Complaint as required by Fed. R. Civ. P. 12.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court relies on Plaintiff's Complaint, the attached exhibits, and those exhibits attached to Defendant's motion to dismiss that are matters of public record and/or referenced in the Complaint. On March 1, 2010, Manning was indicted on criminal charges involving sexual offenses against children. (*See* ECF No. 28-2, Ex. A to Motion to Dismiss.) It appears that

1

Plaintiff was arrested in New York City On April 21, 2010, and was extradited to Hudson County, New Jersey based on the outstanding arrest warrant. (ECF No. 1, Compl. at 13-14.) Based on the allegations in the Complaint, Plaintiff remained incarcerated as a pretrial detainee for approximately three years, awaiting trial. (*See id.* at 10.) On March 20, 2013, the Honorable Rudolph N. Hawkins, Jr. of the Superior Court of New Jersey, Law Division, Hudson County, dismissed the criminal charges against Plaintiff, finding him mentally incompetent to stand trial, and entered a Civil Commitment Order, which was continued until May 13, 2013. (*Id.* at 17-20.) In the Complaint, Plaintiff appears to allege that he remained involuntarily committed at Ann Klein Forensic Center for nine additional months following the dismissal of the criminal charges. (*Id.* at 3, 10.)

Plaintiff appears to allege that his arrest, pretrial incarceration, and his subsequent civil commitment violated his civil rights, but provides few relevant facts about the nature of his claims. Plaintiff proclaims his innocence of the crimes for which he was arrested and indicted, and states that he was "accused with no meaditaion [sic]" or "arbitration" and was "not presentat [sic] grand jury proceding [sic]. (*Id.* at 2.) He further states that he was held as a pretrial detainee for three years and brought before multiple judges prior to the dismissal of the charges against him, and was subsequently civilly committed for an additional nine months. (*Id.*)

Plaintiff has also attached to his Complaint his 2013 medical records from Moorestown Medical Center and appear to assert that he was injured or otherwise suffered serious medical problems during the time he was incarcerated and/or civilly committed. (*Id.* at 2, 21-33.)

Finally, the Complaint alludes vaguely to a 2014 law suit that Plaintiff filed state court. (*Id.* at 35.) That lawsuit was apparently dismissed with prejudice on November 21, 2014

because Plaintiff failed to file a notice of tort claim within one year. (ECF No. 28-2, Ex. D to Defendant's Motion to Dismiss).

Plaintiff has sued Hudson County[1] in the instant action and seeks damages for his injuries.[2] He filed the instant action in the District Court for the District of Columbia on or about April 24, 2017. The matter was subsequently transferred to the District of New Jersey, and assigned to the undersigned. The Court granted Plaintiff's application to proceed *in forma pauperis* and directed service of the Complaint. The instant motion to dismiss followed.[3]

---

[1] Michael D. Witt (Counsel of Record) is handwritten on the Complaint in the caption section. It is not clear whether Plaintiff intends to list Mr. Witt as a Defendant or is merely identifying him as counsel of record. To be personally liable under § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."). Although the Court does not construe the Complaint to name Mr. Witt as a defendant, the § 1983 claims against him would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) because there are no facts to suggest that Mr. Witt is personally involved in the alleged wrongs.

[2] Plaintiff also mentions "grant[ing] the write [sic] of Habeas Corpus" in his Complaint. (ECF No. 1, Compl. at 34.) To receive habeas corpus relief, Plaintiff must meet the so-called "custody requirement." Custody in the habeas context is not limited to physical custody alone but also applies where individual is subject both to significant restraints on liberty which were not shared by the public generally, along with some type of continuing governmental supervision. 28 U.S.C.A. § 2254; *Obado v. New Jersey*, 328 F.3d 716 (3d Cir. 2003). Based on the allegations in the Complaint, Petitioner was incarcerated from 2010-2013 and civilly committed for nine months in 2013. It appears that Petitioner is not in physical custody, i.e., is no longer civilly committed, and he has not provided facts suggesting that he has significant restraints on his liberty and continuing governmental supervision related to either his pretrial detention or his civil commitment. As such, it appears he does not meet the requirements for habeas relief. If Petitioner can provide facts showing that he meets the custody requirement, he may file a new habeas action in a new case.

[3] Prior to the instant motion, Defendant sought entry of default on December 7, 2017 (ECF No. 12), which was entered by the Clerk's Office (ECF No. 15); Defendant moved to vacate the default for insufficient service, which was granted in relevant part by the Court on July 27, 2018. (*See* ECF Nos. 22-23.) The Court permitted Plaintiff to reserve Defendant, which was accomplished on August 14, 2018. (ECF No. 26.) Defendants received a Clerk's extension of the time to answer, and timely filed its motion to dismiss on September 18, 2018. (ECF Nos. 27-28.) Plaintiff filed a response that appears to misconstrue the Court's prior Orders and argues that

## III. STANDARDS OF REVIEW

Defendant's motion seeks dismissal of the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim for relief. The Court addresses both standards of review, as well as the standard for sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). On a motion under Rule 12(b)(1), it is the plaintiff who bears the burden of establishing subject-matter jurisdiction. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs.*, 220 F.3d at 176. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993) ). By contrast, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178– 79 (3d Cir. 1997) ); *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's

---

the motion to dismiss is improperly filed under Fed. R. Civ. P. 12(a); however, Rule 12 plainly permits Defendant to file a motion to dismiss the Complaint for lack of jurisdiction under subsection (b)(1) and for failure to state a claim for relief under subsection (b)(6). As such, Plaintiff is mistaken.

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2

(D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. ANALYSIS

Defendant County of Hudson has moved to dismiss the Complaint on two grounds.[4] First, they argue that the Court lacks subject matter jurisdiction to hear Plaintiff's claims based

---

[4] Because Plaintiff was previously adjudicated mentally incompetent and because Defendant has filed a motion to dismiss the Complaint, the Court also briefly addresses Rule 17. A District courts must undertake a duty of inquiry as to whether there may be a viable basis to invoke Rule 17. *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012). "That duty of inquiry involves a determination of whether there is verifiable evidence of incompetence. In the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)." *Id.* As such, "a court is not required to conduct a sua sponte determination whether an unrepresented litigant is incompetent unless there is some verifiable evidence of incompetence. However, once the duty of inquiry is satisfied, a court may not weigh the merits of claims beyond the § 1915A or § 1915(e)(2) screening if applicable." *Id.* at 307 (3d Cir. 2012). Here, it appears that Plaintiff was released from civil commitment in 2013 – nine months after the charges against him were dropped. His Complaint was filed in 2017, four years after he was adjudicated incompetent and three years after his apparent release from civil commitment. Although Plaintiff's Complaint is sparse and confusing, there is insufficient evidence to suggest that Plaintiff is currently

6

on the *Rooker-Feldman* doctrine. Second, they argue that the Complaint must be dismissed with prejudice for failure to state a claim for relief. The Court addresses these arguments below.

### a. The Claims in the Complaint are **not** Barred by the *Rooker-Feldman* Doctrine

Defendant first argues that *Rooker-Feldman* bars Plaintiff's challenge to his civil commitment and his state court civil lawsuit. Courts must consider *Rooker-Feldman* as a threshold matter because, when it applies, it strips federal courts of subject matter jurisdiction. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

The *Rooker-Feldman* doctrine is a narrow one confined to cases in which a plaintiff complains of injuries caused by a state-court judgment. Under the *Rooker-Feldman* doctrine, a losing state-court party is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

"[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments"; the second and fourth factors are "the key to determining whether a federal suit presents an independent, non-barred claim." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations, quotations, and alterations omitted). The Third Circuit has emphasized the narrowness of the doctrine, distinguishing between injuries caused by

---

incompetent and/or was incompetent when he filed the instant Complaint in 2017. To the extent Plaintiff is still civilly committed or remains incompetent, he may clarify these facts in his Amended Complaint or by writing to the Court.

7

the state-court judgment and those brought about by the defendants' actions. *See id.* at 167–68. In so doing, the Third Circuit has "recognized that caution is now appropriate in relying on [its prior] formulation of the *Rooker–Feldman* doctrine, which focused on whether the state and federal suits were 'inextricably intertwined.'" *Id.* at 169 (internal quotations, citations omitted). *Rooker-Feldman* does not present a jurisdictional bar to federal review when the plaintiff asserts not "merely" that the "state-court decisions were incorrect," *id.* at 172, but that "people involved in the decision violated some independent right," *id*; *see also Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (finding that mentally ill pretrial detainee's federal claims arising from his protracted detention on criminal charges were not barred by the *Rooker-Feldman* doctrine where such claims were not presented to or ruled upon by the state courts).

With respect to Plaintiff's civil commitment, Defendant asserts that Plaintiff "lost" in the state court civil commitment proceeding, and that the injuries he asserts flow directly from the Civil Commitment Order. With respect to Plaintiff's court due process claims, Defendant likewise argues that Plaintiff is a state-court loser, as his state law tort claims were dismissed with prejudice for failure to file a notice of tort claim.

Although Plaintiff appears to assert that his civil rights were violated in connection with his involuntary civil commitment in 2013, Plaintiff does not appear to be seeking appellate review of his Commitment Order or asking this Court to review and reject the Civil Commitment Order. Although the precise nature of his claims is unclear, Plaintiff appears to assert that his federal civil rights under § 1983 were independently violated in connection with his civil commitment. As such, the *Rooker-Feldman* doctrine appears inapplicable.

Nor does the *Rooker-Feldman* doctrine require dismissal of Plaintiff's § 1983 claims based on state court's dismissal of <u>state law tort claims</u> for failure to file the required notice of

8

tort claim under N.J.S.A. 59:8-8. New Jersey has long recognized that § 1983 actions cannot be barred by the Tort Claims Act notice provision of N.J.S.A. § 59:8–8. *See Harris v. Latamore*, 2008 WL 2937185, at *1-2 (D.N.J. Jul. 29, 2008) ("N.J. S.A. § 59:8–8 does not apply to § 1983 actions)(citing *Fuchilla v. Layman*, 109 N.J. 319, 537 A.2d 652, 657–58 (1988) (refusing to apply Tort Claims Act notice in § 1983 case). In filing the instant action, Plaintiff indicated on the Civil Cover Sheet that the basis for jurisdiction is federal question, and that he is bringing civil rights claims. (ECF No. 1-1.) As such, the Court construes Plaintiff to raise <u>federal</u> civil rights claims under 42 U.S.C. § 1983. Further, the Complaint does not appear to assert any state law tort claims or ask this Court to review and reject the state court's dismissal of his state law tort claims for the failure to file a notice of tort.

For these reasons, the Court find that the *Rooker-Feldman* doctrine presents no bar to Plaintiff's current Complaint asserting violations of his civil rights under 42 U.S.C. § 1983 in connection with his arrest, pretrial incarceration, and civil commitment. The motion to dismiss for lack of jurisdiction is denied.

### b. The Complaint Fails to State a Claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)

Having addressed its subject matter jurisdiction, the Court next addresses the motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. Having reviewed Defendant's arguments and conducted a screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that Plaintiff fails to state a claim for relief because his allegations are vague and conclusory and contain too little factual matter for the Court to determine whether his civil rights

9

were violated by Defendant.[5] As such, the Court will dismiss the Complaint <u>without prejudice</u> on that basis, and provide Plaintiff with leave to amend.

It is clear from the Complaint that Plaintiff asserts that his arrest, detention on criminal charges, and his subsequent civil commitment violated his civil rights. He has not, however, provided sufficient facts from which the Court could determine whether he states § 1983 claims for false arrest, false imprisonment, malicious prosecution, and/or due process violations.

In light of Plaintiff's pro se status, the Court reviews the elements of these claims. The elements of a false-arrest claim are (a) that an arrest occurred; and (b) that the arrest was made without probable cause. *See Brown v. Makofka*, 644 F. App'x. 139, 143 (3d Cir. 2016) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)). Notably, "[t]he proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman*, 47 F.3d at 634 (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) ); *see also Nanton v. Mecka*, No. 11-6132, 2013 WL 1844756, at *6 (D.N.J. Apr. 30, 2013) ("The validity of an arrest does not depend on the ultimate finding of guilt or innocence following an arrest."). In addition, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citations omitted). For a Section 1983 malicious prosecution claim, a

---

[5] Having granted the motion to dismiss for failure to state a claim for relief, the Court need not address Defendant's remaining arguments for relief under Rule 12(b)(6). The Court notes, however, that Defendant has provided no decision on point for the argument that *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars § 1983 claims that necessarily imply the invalidity of a <u>criminal conviction,</u> would apply to civil commitment where the criminal charges against the plaintiff were dismissed.

plaintiff must establish that (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) plaintiff suffered from a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) ). Finally, the Third Circuit has held that the prolonged detention of a mentally ill pretrial detainee may violate due process where the detainee was institutionalized without a realistic prospect of trial and is denied mental health services. *See Geness*, 902 F.3d at 359, 363-65 (remanding to permit amendment on due process claim).

Here, Plaintiff's Complaint asserts that he is innocent of the crimes for which he was arrested and indicted. He states that he was "accused with no meadiatiaion [sic]" or "arbitration" and was "not present [ ] at grand jury proceding [sic]. He further states that he was incarcerated for approximately three years awaiting trial and was brought before multiple judges prior to the dismissal of the charges against him. Following the dismissal of the charges against him, he was civilly committed for an additional nine months. Plaintiff's factual allegations do not state claims for false arrest, false imprisonment, and/or or malicious prosecution. Nor does Plaintiff provide sufficient facts showing that his due process rights were violated by his pretrial incarceration and/or subsequent civil commitment. As such, the Court will dismiss these claims without prejudice for failure to state a claim for relief.

11

The Court also construes Plaintiff to allege a claim of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983.[6] Prison officials may not act with deliberate indifference to a prisoner's serious medical needs by denying or delaying medical care. *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). As such, a prisoner's constitutional right to adequate medical care is violated if his serious medical need is met with deliberate indifference from prison officials. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir.2003). In order to sustain a constitutional claim, a prisoner must make: 1) an "objective" showing that the prisoner's medical needs were sufficiently serious; and 2) a "subjective" showing that the prison official acted with a sufficiently culpable state of mind. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm. *See Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Allegations of medical malpractice or negligence are insufficient to meet that standard, as are "mere disagreements" concerning the proper course of treatment. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Plaintiff provides facts and exhibits that suggest he had serious medical problems during 2013 and received treatment for those medical issues. Plaintiff has not provided facts showing

---

[6] In its motion to dismiss, Defendant suggests that Plaintiff asserts medical negligence claims and that he has failed to name Morristown Medical Center as an indispensable party; Plaintiff, however, does not mention medical negligence in his Complaint or check that box on the Civil Cover Sheet. (ECF No. 1-1.) Because Plaintiff has brought his claims under § 1983, the Court declines to construe a medical negligence claim. Furthermore, it is not clear who Plaintiff faults for any delay or denial of medical care or whether he seeks to sue Morristown Medical Center or Atlantic Health Systems.

that any prison officials or officials at Ann Klein were deliberately indifferent to his serious medical needs. As such, the Court will dismiss this claim without prejudice.

Finally, the Court notes that Plaintiff has sued only the County of Hudson, and may be attempting to allege claims for relief under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, (1978). Under § 1983, a municipality, like the County of Hudson, may be held liable when its policymakers implement a policy, custom, or practice that causes a constitutional violation. *See id.* The County of Hudson may not be found liable simply because it employs wrongdoers. *See id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must assert facts showing that the County had a relevant policy or custom, and that the policy or custom caused a violation of Plaintiff's constitutional rights.[7] *See Natale*, 318 F.3d at 583-84; *accord Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Because Plaintiff has not identified a relevant policy or custom that caused the alleged constitutional wrongs, his Complaint against the County of Hudson is subject to dismissal on that basis as well.

## V.   CONCLUSION

The Court grants Defendant's motion to dismiss, and the Complaint is dismissed without prejudice in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). At this time, the Court will provide Plaintiff with 30 days to submit an Amended Complaint to the extent he can cure the deficiencies in some or all of his claims against the County of Hudson. To

---

[7] Plaintiff may also be attempting to sue unknown John Doe officials for implementing deficient policies; such a claim would be deficient for the same reason that his *Monell* claim is deficient.

13

the extent Plaintiff files an Amended Complaint against the County of Hudson, Defendant shall file a motion to dismiss or otherwise respond within the time provided by Fed. R. Civ. P. 12.[8]

An appropriate Order follows.

Dated: Mar 27, 19

Madeline Cox Arleo, District Judge
United States District Court

---

[8] Plaintiff's civil rights claims also appear to be barred by the two-year statute of limitations for claims under § 1983. Because statute of limitations is an affirmative defense and equitable tolling is available, the Court declines to decide this issue at this time. If Plaintiff submits an Amended Complaint, he is free to provide facts in support of equitable tolling.

14